**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL RICHOUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-11776** |
| **DARRYL VANNOY, WARDEN** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual and Procedural Background

The petitioner, Michael Richoux ("Richoux"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On September 16, 2010, Richoux was indicted by a Grand Jury in Jefferson Parish for two counts of aggravated rape upon a victim under thirteen years of age by oral sexual intercourse, one count of sexual battery without consent of the victim and the victim is under the age of fifteen and at least three years younger than the offender, and one count of indecent behavior with a juvenile where the offender was over the age of seventeen and more than two years older than the victim.[3]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 1 of 6, Indictment, 9/16/10; Grand Jury Return, 9/16/10.

The record reflects that, the victim, S.B.,[4] who was twelve years old at the time of trial, was best friends with the daughter of Lisa Breaux.[5]  Mrs. Breaux was a long-term friend of S.B.'s mother and aunts and had known S.B. since birth.  On June 9, 2010, S.B. was at the Breaux's home for a sleepover.  During the sleepover, S.B. told the Breaux's daughters that Richoux had been touching her.  The girls all knew Richoux, who was S.B.'s maternal uncle by marriage.  The Breaux girls told their mother, and she spoke with S.B. alone.

S.B. was hysterical when she told Mrs. Breaux that Richoux taught her how to kiss with her tongue, put his mouth on her breasts, showed her naked pictures of her aunt, dressed her in provocative underwear, used a vibrator on her, performed oral sex on her, inserted his penis into her mouth, and engaged in vaginal intercourse with her.  After this conversation, Mrs. Breaux called S.B.'s mother, K.D., who immediately came to the Breaux's house.  K.D. contacted the Gretna Police Department to report the abuse.  Sergeant Tris Lear interviewed S.B. and K.D. and scheduled an interview for S.B. at the Jefferson Parish Child Advocacy Center ("CAC").

S.B. reported that Richoux began touching her inappropriately when she was six years old.  At first, Richoux touched her "private parts," i.e. vagina area, over her clothes.  When she was seven or eight years old, Richoux started kissing her on the mouth.  By the time she was nine years old, Richoux had begun touching her "other private parts," i.e. breasts.

During the same time frame, Richoux "licked" S.B.'s vaginal area with his mouth, touched her vaginal area with his penis, and made her touch his penis with her hand.  She told the forensic examiner at the CAC that, at his request, she also "licked his private."  She further recalled that,

---

[4]Pursuant to La. Rev. Stat. Ann. § 46:1844(W)(3), the state courts referred to the victim and certain members of her family by their initials.  This Court will do the same.

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *State v. Richoux*, 101 So.3d 483, 485-486 (La. App. 5th Cir. 2012); St. Rec. Vol. 3 of 6, 5th Cir. Opinion, 11-KA-1112, pp. 3-5, 9/11/12.

on two separate occasions, Richoux took nude photographs of her.  He also touched her vaginal

area with a vibrator and showed her nude pictures of his wife, who also was her aunt.

Richoux was tried before a jury on August 22 through 24, 2011, and found guilty as charged

on each count.[6]  At a hearing held on September 1, 2011, the Trial Court denied Richoux's motion

for a new trial.[7]  After waiver of legal delays, the Court sentenced Richoux to serve concurrent

sentences at hard labor and without benefit of parole, probation, or suspension of sentence of life

in prison on counts one and two, ten years in prison on count three, and seven years in prison on

count four.[8]  The court also later denied Richoux's motion to reconsider the sentence.[9]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Richoux's appointed

counsel asserted that the trial court erred by denying the motion for new trial.[10]  He soon enrolled

other counsel who supplemented the appeal with the following alleged errors:[11] (1) the other

crimes evidence introduced at trial was prejudicial and denied him a fair trial; and (2) the testimony

of the victim was insufficient to prove an essential element of the crime of aggravated rape.  On

September 11, 2012, the Louisiana Fifth Circuit affirmed Richoux's conviction and sentence

---

[6]St. Rec. Vol. 1 of 6, Trial Minutes, 8/22/11; Trial Minutes, 8/23/11; Trial Minutes, 8/24/11; Jury Verdict (count 1), 8/24/11; Jury Verdict (count 2), 8/24/11; Jury Verdict (count 3), 8/24/11; Jury Verdict (count 4), 8/24/11; St. Rec. Vol. 4 of 6, Trial Transcript, pp. 1-120, 8/23/11; St. Rec. Vol. 5 of 6, Trial Transcript, pp. 121-end, 8/23/11.

[7]St. Rec. Vol. 1 of 6, Sentencing Minutes, 9/1/11; Motion for New Trial, 8/30/11; St. Rec. Vol. 5 of 6, Sentencing Transcript, 9/1/11.

[8]St. Rec. Vol. 1 of 6, Sentencing Minutes, 9/1/11; St. Rec. Vol. 5 of 6, Sentencing Transcript, 9/1/11.

[9]St. Rec. Vol. 1 of 6, Hearing Minutes, 10/6/11; Motion for Reconsideration of Sentence, 9/20/01; St. Rec. Vol. 5 of 6, Hearing Transcript, 10/6/11.

[10]St. Rec. Vol. 5 of 6, Appeal Brief, 11-KA-1112, 2/22/12.

[11]St. Rec. Vol. 5 of 6, Supplemental Brief, 11-KA-1112, 4/30/12; Motion to Supplement, 11-KA-1112, 2/27/12; 5th Cir. Order, 11-KA-1112, 2/28/12.

finding no merit in the first two issues and finding that Richoux had failed to preserve the third issue by contemporaneous objection for review on appeal.[12]

The Louisiana Supreme Court denied the writ application filed by Richoux's counsel without stated reasons on April 1, 2013.[13]  Richoux's conviction was final under federal law ninety (90) days later, on Monday, July 1, 2013,[14] when he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (time for filing for certiorari with the United States Supreme Court is included in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

Almost nine months later, on March 31, 2014, Richoux's retained counsel filed an application for post-conviction relief which asserted that Richoux received ineffective assistance of counsel at trial on the following grounds:[15] (1) counsel was not experienced and did not know how to conduct the trial; (2) counsel failed to object to trial testimony of prior alleged similar acts; (3) counsel failed to object to the introduction of evidence of other crimes; (4) counsel failed to move for mistrial; and (5) counsel failed to investigate and file objections to the State's "404(b)" notice provided during trial.

After receiving a response from the State, the Trial Court denied the application on November 13, 2014, finding no merit in the claims under the standards set forth in *Strickland v.*

---

[12]*Richoux*, 101 So.3d at 483; St. Rec. Vol. 3 of 6, 5th Cir. Opinion, 11-KA-1112, 9/11/12.  The Court noted one error patent on the face of the record with regard to the leniency of the sentence imposed on count three; the court chose not to correct the error.

[13]*State v. Richoux*, 110 So.3d 139 (La. 2013); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2012-K-2215, 4/1/13; La. S. Ct Writ Application, 12-K-2215, 10/11/12; St. Rec. Vol. 3 of 6, La. S. Ct. Letter, 2012-K-2215, 10/11/12.

[14]The last day fell on Sunday, June 30, 2013, leaving the final day of the period to fall on the next business day, Monday, July 1, 2013.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

[15]St. Rec. Vol. 1 of 6, Application for Post-Conviction Relief, 3/31/14.

*Washington*, 466 U.S. 668 (1984).[16]  The Court specifically held that the pretrial hearing on the admissibility of the other crimes evidence made it unnecessary for counsel to object or reargue the matter at trial.

Richoux's counsel filed a writ application in the Louisiana Fifth Circuit asserting only the first four arguments.[17]  The Court denied the writ application on June 15, 2015, finding no error in the Trial Court's ruling and no merit in the claims asserted.[18]  Richoux's counsel asserted the same four arguments to the Louisiana Supreme Court; the Court denied relief on May 20, 2016, finding that Richoux failed to show that he received ineffective assistance of counsel under the *Strickland* standards, referencing the attached state trial court's reasons.[19]

## II.     Federal Habeas Petition

On July 29, 2016, after correction of deficiencies, the clerk of this Court filed Richoux's petition for federal habeas corpus relief in which he asserts the following claims:[20] counsel was ineffective because (1) she had no trial experience and admitted to the judge during a bench conference that she did not know what she was doing, (2) she refused to present evidence that, at the time one witness said he started similar bad acts in 1984, he was married to his first wife and had not yet come into contact with that witness's family, (3) her cross-examination of the victim was strictly about the location of the furniture, (4) she failed to question the victim about the fact that (a) she was fully clothed when the alleged oral sex took place during family gatherings and

---

[16]St. Rec. Vol. 2 of 6, Trial Court Order, 11/13/14; State's Opposition, 10/29/14.

[17]St. Rec. Vol. 6 of 6, 5th Cir. Writ Application, 15-KH-291, 5/6/15.

[18]St. Rec. Vol. 3 of 6, 5th Cir. Order, 15-KH-291, 6/15/15.

[19]*State v. Richoux*, 191 So.3d 1026 (La. 2016); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2015-KP-1360, 5/20/16; La. S. Ct. Writ Application, 15-KP-1360, 7/14/15; St. Rec. Vol. 3 of 6, La. S. Ct. Letter, 2015-KP-1360, 7/15/15.

[20]Rec. Doc. No. 4.

(b) other adults were present in the house, and (5) she failed to object to similar acts testimony of other alleged crimes for which the State gave no notice.  Richoux also suggests that the state courts should have held an evidentiary hearing on his post-conviction claims.

The State filed a response in opposition to the petition conceding that Richoux's petition was timely filed.[21]  The State contends, however, that Richoux did not exhaust state court review of several of his grounds in support of the ineffective assistance of counsel claim.  The State further asserts in the alternative that Richoux's exhausted claims are without merit.

III.    **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on June 17, 2016.[23]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[21]Rec. Doc. No. 9.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court docketed Richoux's deficient petition on June 22, 2016, and it was deemed filed with the Court on July 29, 2016, when the filing fee was received.  Richoux dated his signature on the form petition on June 17, 2016, which is the earliest date appearing in the record on which he could have presented the pleadings to prison officials for mailing to a federal court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes that Richoux's petition was timely, but asserts that he did not exhaust review of all of his grounds in support of the ineffective assistance of counsel claim.  For the reasons that follow, Richoux's petition should be dismissed for his failure to exhaust complete review of his claims.

IV.    **Exhaustion**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the

petitioner presents new legal theories or new factual claims in his federal application." *Id*. at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

When ineffective assistance of counsel is raised, the claim is not exhausted if the petitioner did not raise or mention the same bases or legal theories in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases for ineffective assistance claim were not exhausted as "significantly different" from those raised in state court).

It also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*. at 32.

In this case, the State concedes and the record confirms that Richoux exhausted state court review of his first (inexperienced counsel) and five (failure to object to other crimes testimony) grounds in support of his ineffective assistance of counsel claim. These arguments were raised at each level of the state courts by his counsel on post-conviction review. Review of these two claims is considered to be exhausted.

As the State argues, however, Richoux has not exhausted review of his remaining grounds, two, three, and four, in the state courts. A careful reading of his state court pleadings reflects that Richoux's counsel did not assert any of these arguments or exhaust review of these claims in any state court. Richoux therefore has not given the state courts the first opportunity to consider his

arguments that his counsel was ineffective because she was inexperienced, refused to present evidence that he was married in 1984, cross-examined the victim only about the location of the furniture, and failed to question the victim about being fully clothed when the alleged oral sex took place and whether other adults were present in the house. Review of these grounds in support of the ineffective assistance of counsel claim was not exhausted. *Ogan*, 297 F.3d at 358.

Richoux, therefore, has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims, and it is subject to dismissal for that reason. *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). The record discloses no good cause for Richoux's failure to properly and fully exhaust each of his claims and arguments, and the Court can find none from its review of the record.

Having found no good cause for his failure to exhaust, this mixed petition should be dismissed without prejudice to allow Richoux to exhaust any remaining state court remedies on all claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is proper where no good cause is shown for the failure to exhaust);[24] *see also*, *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510). While the Court has reiterated the long-standing directive that a mixed petition be dismissed without prejudice to require exhaustion, it also has recognized that a petitioner can choose to amend or resubmit his petition to raise only exhausted claims in the federal district court. *Pliler*, 542 U.S. at 233. Thus, in lieu of dismissal, Richoux may choose to amend this federal habeas petition to dismiss or exclude the unexhausted grounds (claims two, three, and

---

[24]The Supreme Court has also recognized the possibility of a stay-and-abeyance for mixed petitions. The Court has deemed this an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. The Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the Court determines that there was "good cause" for the failure to exhaust. *Id.*, at 277 (emphasis added). Stays also are improper when the unexhausted claims are "plainly meritless" or where there has been "abusive litigation tactics or intentional delay." *Id*. This case does not present any good cause to warrant a stay to allow petitioner to fully exhaust. He was represented by counsel on appeal and post-conviction review. He has not presented any cause much less good cause for his failure to complete exhaustion of his arguments.

four) and proceed here with only the two fully exhausted grounds (one and five) in support of his ineffective assistance of counsel claims.  Unless he does so, his petition should be dismissed without prejudice to allow him to exhaust review of his new claims.

## V.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Michael Richoux's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 29th day of June, 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.